**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HUDSON SPECIALTY INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-5990** |
| **KING INVESTMENTS OF LOUISIANA, INC.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] to dismiss filed on behalf of defendant, King Investments of

Louisiana, Inc. ("King"), to which plaintiff, Hudson Specialty Insurance Company ("Hudson"), has

filed an opposition.[2] For the following reasons, the motion is **DENIED**.

## BACKGROUND

Hudson's complaint alleges the following facts. Hudson issued a commercial insurance

policy to Crescent Environmental Services Inc. ("Crescent"), King's predecessor in interest.[3] The

policy was effective from May 28, 2007 through September 1, 2007.[4]

On or about June 28, 2007, Temps Today Staffing, Inc. ("Temps Today"), a staffing service

company, provided Crescent with an employee named Ishmael Bailey ("Bailey").[5] While operating

an excavator at a Crescent work site in New Orleans, Bailey allegedly injured one of Crescent's full-

time employees, Calvin Rucker ("Rucker").[6]

---

[1]R. Doc. No. 8.

[2]R. Doc. No. 9.

[3]R. Doc. No. 1, at 3.

[4]R. Doc. No. 1, at 1, 3. Hudson is organized under the laws of New York, and its principle place of business is in New York. R. Doc. No. 1, at 2. King is incorporated in Delaware, and its principle place of business is in Louisiana. R. Doc. No. 1, at 3.

[5]R. Doc. No. 1, at 3.

[6]R. Doc. No. 1, at 3.

On October 2, 2007, Rucker and his wife filed a lawsuit (the "Rucker lawsuit") against Temps Today and Bailey in the Civil District Court for the Parish of Orleans, State of Louisiana.[7] Scottsdale Insurance Company ("Scottsdale"), the general liability insurer and excess insurer of Temps Today, settled the Rucker lawsuit for $1,425,000.[8]

On August 31, 2011, Scottsdale sent a demand letter to King, as Crescent's successor in interest, alleging that an indemnity agreement required that Crescent pay Scottsdale the full settlement amount that Scottsdale had paid to Rucker.[9] The demand letter was provided to Hudson with a "notice of occurrence/claim form" dated October 4, 2011. The October 4, 2011 form was the first indication that Hudson received of the accident that had occurred in 2007.[10] Accordingly, Hudson was never involved in the Rucker lawsuit or any settlement negotiations.[11]

On May 9, 2012, Scottsdale, as Temps Today's alleged subrogee, filed a lawsuit (the "Scottsdale lawsuit") against King in the Civil District Court for the Parish of Orleans, State of Louisiana.[12] In its lawsuit, Scottsdale alleges a single claim for "breach of contract/indemnity" and seeks to recover the $1,425,000 that Scottsdale paid to settle the Rucker lawsuit, with judicial interest and costs.[13] Hudson is not named as a party to the Scottsdale lawsuit, but Hudson agreed to defend King subject to a reservation of rights.[14]

---

[7]R. Doc. No. 1, at 4.

[8]R. Doc. No. 1, at 4.

[9]R. Doc. No. 1, at 4. According to the complaint, the alleged indemnity provision was contained on the back of a time ticket, which was dated July 1, 2007. R. Doc. No. 1, at 4.

[10]R. Doc. No. 1, at 5.

[11]R. Doc. No. 1, at 5.

[12]R. Doc. No. 1, at 1, 5.

[13]R. Doc. No. 1, at 5.

[14]R. Doc. No. 1, at 6.

On October 1, 2013, Hudson filed a complaint in the above-captioned matter, seeking a declaratory judgment that it has no obligation to defend or indemnify King in the Scottsdale lawsuit or, in the alternative, that Hudson's liability, if any, is limited to "$1,000,000 per occurrence or claim, excess of a $10,000 deductible that has not yet been paid by King."[15]

## DISCUSSION

King's initial memorandum includes a conclusory argument that Hudson's complaint omits Scottsdale, a necessary party, in violation of Rules 17 and 19 of the Federal Rules of Civil Procedure.[16] King has not explained how Scottsdale is a required party pursuant to Rule 19(a)(1), or otherwise briefed this issue, and it is not addressed in King's reply memorandum. To the extent that King has not already abandoned this unpersuasive argument, its request for relief on this basis is denied, and the Court turns to whether dismissal is appropriate because Hudson's complaint "can be litigated in the underlying state court action."[17]

In *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000), the U.S. Court of Appeals for the Fifth Circuit identified a three-step inquiry for determining whether to decide or dismiss a complaint for declaratory relief. *See also Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003). The first step requires a determination as to whether the declaratory action is justiciable. *Id.* (citing *Rowan Cos. v. Griffin*, 876 F.2d 26, 27-28 (5th Cir. 1989)). "Second, if it has jurisdiction, then the district court must resolve whether it has the 'authority' to grant declaratory relief in the case presented." *Orix*, 212 F.3d at 895 (citing *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993)). "Third, the court has to determine how to

---

[15]R. Doc. No. 1, at 17-24,

[16]R. Doc. No. 8-1, at 3.

[17]R. Doc. No. 8.

exercise its broad discretion to decide or dismiss a declaratory judgment action." *Id.* (citing *Travelers*, 996 F.2d at 778).

## I. Justiciability

It is well settled that a federal court will not have subject matter jurisdiction and "may not issue a declaratory judgment unless there exists an 'actual controversy.'" *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998) (citing *Middle S. Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)). "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests.'" *Orix*, 212 F.3d at 896 (quoting *Middle S. Energy*, 800 F.2d at 490). Where a controversy is "abstract or hypothetical," a declaratory judgment action is premature and should be dismissed. *Id.* (quoting *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000)). "A controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." *Griffin*, 876 F.2d at 28 (quoting *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967)). Because the burden of proof on a motion to dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction, "plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The inquiry must end at the first step if the action is not justiciable. *Orix*, 212 F.3d at 895.

In its reply memorandum, for the first time, King broadly asserts that this action is not justiciable.[18] To support this proposition, King cites to *Houston Specialty Insurance Co. v. New Jax Condominiums Association Inc.*, No. 13-639, 2013 WL 4089202 (E.D. La. Aug. 13, 2013), in which the court found that a duty to defend existed, but it stayed consideration of whether a duty to

---

[18]R. Doc. No. 13, at 2.

indemnify existed pending a determination of liability in the underlying case.[19] Hudson's complaint

squarely addresses any duty to defend as well as any duty to indemnify.[20] *See also Nat'l Cas. Co.*

*v. Tom's Welding, Inc*., No. 11-3101, 2012 WL 2064451 (E.D. La. June 7, 2012). Accordingly, the

Court finds King's reliance on *Houston Specialty Insurance*  unpersuasive. To the extent that  King

now intends to argue that, insofar as the complaint addresses indemnity, it is not justiciable, it must

raise this issue in a separate motion.

## II. Authority to Grant Declaratory Relief

The second element of the *Orix* test is whether the court has the authority to grant declaratory

relief. A district court lacks authority to consider the merits of a declaratory judgment action when:

"(1) the declaratory defendant previously filed a cause of action in state court [against the

declaratory plaintiff]; (2) the state case involved the same issues as those in the federal court; and

(3) the district court is prohibited from enjoining the state proceedings under section 2283."

*Sherwin-Williams*, 343 F.3d at 388 n.1 (citing *Travelers*, 996 F.2d at 776). In this case, diversity

jurisdiction exists, and "the Anti-Injunction Act [does] not apply because there [is] no pending state

court action" between the declaratory judgment plaintiff and the declaratory judgment defendant.

*Id.* at 387-88.

## III. Discretion to Dismiss or Decide Declaratory Action

"The Declaratory Judgment Act, 28 U.S.C. § 2201(a), 'is an enabling act, which confers

discretion on the courts rather than an absolute right on a litigant.'" *Id.* at 389 (quoting *Wilton v.

Seven Falls Co.*, 515 U.S. 277, 287 (1995)). In *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585, 590-91

---

[19]R. Doc. No. 13,  at 2.

[20]*E.g.*, R. Doc. No. 1, at 17.

(5th Cir. 1994), the Fifth Circuit enumerated the following seven nonexclusive factors for a district court to consider in deciding whether to decide or dismiss a declaratory action:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
>
> (5) whether the federal court is a convenient forum for the parties and witnesses;
>
> (6) whether retaining the lawsuit would serve the purposes of judicial economy; and
>
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*See also Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 390 (5th Cir. 2001); *Travelers*, 996 F.2d at 778. The *Trejo* factors assist the Court in assessing the "proper allocation of decision-making between state and federal courts, distinguish[ing] between legitimate and improper reasons for forum selection," and in achieving an efficient resolution of the dispute. *Sherwin-Williams*, 343 F.3d at 390-91.

The first and seventh *Trejo* factors address "the proper allocation of decision-making between state and federal courts." *Sherwin-Williams*, 343 F.3d at 390-92. Both of these factors weigh against dismissal. With respect to the first factor, the parties agree that Hudson is not a party to the state court lawsuit, which was filed approximately 18 months ago.[21] While King contends that Hudson's involvement in King's state court defense is significant,[22] the Court notes that such

---

[21]R. Doc. No. 8-1, at 1; R. Doc. No. 9, at 9; R. Doc. No. 13, at 1.

[22]R. Doc. No. 13, at 1.

involvement is not a substitute for party status. Moreover, while King argues that Hudson "could just have intervened in the Civil District Court action,"[23] the Fifth Circuit has rejected such an argument. *See Agora Syndicate v. Robinson Janitorial Specialists*, 149 F.3d 371, 373 (5th Cir. 1998) ("Agora is not a party to the state court liability suit, it is not a party in any pending state proceeding related to these events, and it could only bring the insurance issues before the state courts by affirmatively intervening . . . or commencing a separate, independent declaratory judgment in state court."); *see also Celestine v. Nat'l Union Fire Ins. Co.*, 115 F. App'x 658, 660 (5th Cir. 2004).

King's contention that Hudson's claims could be litigated in state court rests on the assumption that Hudson must intervene to raise these issues. King has not identified any existing overlapping factual or legal issues. Accordingly, the difference in the identity of the parties and issues in the state and federal court lawsuits demonstrates that the first factor weighs against dismissal. *See Agora*, 149 F.3d at 373; *see also AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 320 (5th Cir. 2006). As to the seventh factor, the fact that Hudson is not a party to the state court proceeding, which involves King's liability, "weighs strongly" in Hudson's favor. *AXA*, 162 F.3d at 321.

The second, third, and fourth factors help to determine whether the plaintiff is using the declaratory action process "to gain access to a federal forum on improper or unfair grounds." *Sherwin-Williams*, 343 F.3d at 391. With respect to the second factor, Hudson's complaint is plainly a response to the Louisiana litigation, but there is no suggestion that Hudson filed its complaint because it anticipated that King would seek similar relief in state court. This factor weighs against dismissal. *See AXA*, 162 F. App'x at 321. As to the third factor, forum shopping, King argues solely that Hudson could have intervened in the state court suit, but King does not identify any "improper

---

[23]R. Doc. No. 8-1, at 2.

and abusive" reason behind Hudson's decision to proceed in federal court. *See Sherwin-Williams*, 353 F.3d at 391. With respect to the fourth factor, inequities, "because there [is] no parallel state court proceeding involving the same issue, [Hudson] did not inequitably gain precedence in time or change a previously selected forum for the declaration it sought" by filing in federal court. *AXA*, 263 F. App'x at 321. Concerns for fairness do not weigh in favor of dismissal.

The fifth and sixth *Trejo* factors fall under the efficiency category. *Sherwin-Williams*, 353 F.3d at 392. There is no suggestion that the federal forum in this case is not equally convenient to the parties and witnesses. With respect to the sixth factor, a federal district court must consider efficiency and "avoid duplicative or piecemeal litigation where possible." *Sherwin*, 343 F.3d at 391. King contends that it will need to be the subject of two depositions, one relative to federal court and one relative to state court, as will the other parties in the state court proceeding.[24] However, King has not identified any overlapping facts, as addressed above, while Hudson identifies specific facts independent to its action that will require potential depositions to focus on different "witnesses, documents, and issues."[25] The Court concludes that "judicial economy is not contravened by retaining the action because no other proceeding is able to consider the coverage dispute; again, [Hudson] is not a party to the Louisiana litigation." *AXA*, 263 F.3d at 321. The fifth and sixth factors weigh against dismissal.

## CONCLUSION

There is no indication that the ongoing state court litigation, to which Hudson is not a party, will reach the issues raised in Hudson's federal complaint, and the Court does not find dismissal warranted by considerations of federalism, fairness, or efficiency. Accordingly,

---

[24]R. Doc. No. 13, at 1.

[25]R. Doc. No. 15, at 3.

**IT IS ORDERED** that the motion is **DENIED**.


New Orleans, Louisiana, January 10, 2014.

                                             **LANCE M. AFRICK**
                                  **UNITED STATES DISTRICT JUDGE**